924 F.2d 199
 PRUDENTIAL COMMERCIAL INSURANCE COMPANY, A SUBSIDIARY OF the
PRUDENTIAL INSURANCE COMPANY OF AMERICA on Behalf
of NEW JERSEY AUTOMOBILE FULL INSURANCE
UNDERWRITING ASSOCIATION,
Plaintiff-Appellant,
v.
MICHIGAN MUTUAL INSURANCE COMPANY, Defendant-Appellee,
Allstate Insurance Company, Defendant.
 No. 89-8759.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 19, 1991.
 
 Edward M. Harris, Jr., Vicki McReynolds Knott, Decatur, Ga., for plaintiff-appellant.
 Sewell K. Loggins, D. Keith Calhoun, Mozley, Finlayson & Loggins, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia; Robert H. Hall, Judge.
 Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV OF THE GEORGIA CONSTITUTION
 
 
 2
 TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:
 
 
 3
 It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves questions or propositions of the law of the State of Georgia which are determinative of the cause and for which there appears to be no clear controlling precedents in the decisions of the Georgia Supreme Court. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of law to the Supreme Court of Georgia for instructions concerning such questions of law, based upon the facts recited below and in the record which accompanies this certification.
 
 I. Style of the Case
 
 4
 The style of the case in which this certificate is made is as follows: Prudential Commercial Insurance Company, a subsidiary of the Prudential Insurance Company of America, On Behalf of New Jersey Automobile Full Insurance Underwriting Association v. Michigan Mutual Insurance Company, Case No. 89-8759, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia.
 
 II. Statement of Facts
 
 5
 This statement is based on facts stipulated to by the parties. This matter arises out of an automobile collision on I-285 West outside Atlanta on November 17, 1986 involving a tractor trailer weighing in excess of 6,500 pounds unloaded owned by Defendant-Appellee Michigan Mutual's insured James E. Bearden. Plaintiff-Appellant Prudential's insured Allen Kimerling was killed in this collision, and Prudential's insured Charlotte and Daniel Kimerling were injured. At the time of the collision and at all pertinent times during this litigation, the Kimerlings were residents of New Jersey, and the policy under which personal injury protection benefits were paid to the Kimerlings was issued in New Jersey. Pursuant to New Jersey law, the personal injury protection provisions of that policy provided for payment of all reasonable medical expenses incurred as a result of an automobile accident. Prudential has paid personal injury protection benefits to, or on behalf of, its insureds as follows: $204,580.00 to and on behalf of Charlotte Kimerling for medical expenses, lost wages, and essential services; $10,580.00 as survivor's benefits and funeral expenses on behalf of Allen Kimerling; and $2,600.00 on behalf of Daniel Kimerling for medical expenses.
 
 
 6
 Prior to the instigation of the instant action, the Kimerlings filed a personal injury action against Michigan Mutual and its insureds in the United States District Court for the Northern District of Georgia on March 10, 1987. Prudential was aware of the Kimerlings' action, but did not intervene or move to intervene in the pending lawsuit at any time. A week before the case was to proceed to trial, however, it was settled between the parties without notice to or approval of Prudential. Upon settlement of its claims, the Kimerlings executed releases of their claims against Michigan Mutual and its insureds. The district court order approving the settlement was entered on May 24, 1988. After settlement of the Kimerlings' personal injury claims, Michigan Mutual has approximately $255,000.00 remaining of the limits of its truck liability policy insuring the Bearden truck. Michigan Mutual was on notice of Prudential's subrogation interest prior to the settlement of the claims of the Kimerlings.
 
 
 7
 Prudential subsequently filed this suit in the State Court of Fulton County on November 28, 1988 as statutory subrogee of the Kimerlings under Ga.Code Ann. Sec. 33-34-3(d)(1)(A) (1990) to recover the personal injury protection benefits paid to or on behalf of its insureds. Michigan Mutual removed this case to the United States District Court for the Northern District of Georgia on the basis of diversity of citizenship of the parties. Michigan Mutual subsequently moved for summary judgment on the grounds that Prudential's subrogation claim was barred because it had failed to intervene in the Kimerlings' tort action, and, in the alternative, that Prudential's claim for all amounts paid in excess of $50,000 to Charlotte Kimerling exceeded the maximum benefits payable under Georgia law. The district court granted Michigan Mutual's motion for summary judgment, holding that Prudential had waived its right to subrogation by failing to intervene in the Kimerlings' action prior to settlement of their claims. 720 F.Supp. 167. Prudential now brings this appeal.
 
 
 8
 III. Questions to Be Certified to the Georgia Supreme Court
 
 
 9
 1. Whether Prudential, which has a statutory right of subrogation, may recover upon that right after the Kimerlings reached a settlement with Michigan Mutual and its insureds in an action in which Prudential chose not to exercise its right to intervene?
 
 
 10
 2. Whether Prudential, if it is entitled to recover on its statutory right of subrogation against Michigan Mutual and its insureds, is limited by Ga.Code Ann. Sec. 33-34-5(a)(1) (1990) to a recovery upon that right of $50,000 in personal injury protection benefits paid to Charlotte Kimerling?
 
 
 11
 Our statement of the questions is not designed to limit the inquiry of the Georgia Supreme Court. "The particular phrasing used in the certified questions does not restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the ... issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts." Wood v. New York Life Ins. Co., 758 F.2d 1459, 1462 (11th Cir.1985) (citation omitted). The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith for any assistance it might provide to the Court in answering the certified questions. Pending the Georgia Supreme Court's answers to the foregoing certified questions, all further proceedings in this appeal are STAYED.
 
 
 12
 QUESTIONS CERTIFIED.